UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DARWIN NATHANIEL TOOF,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMANDA SWANSON, Investigator for Rapid City Police Department, in her individual and official capacity; KEVIN THOM, Sheriff, in his official capacity; DON HENDRICK, Chief of Police, in his official capacity; and COUNTY OF PENNINGTON,<br><br>　　　　Defendants. | CIV. 21-5009-JLV<br><br><br>ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT |

　　　Plaintiff Darwin Nathaniel Toof, a prisoner at the Pennington County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. (Docket 1). Mr. Toof moves to proceed *in forma pauperis* and provides a copy of his prisoner trust account report. (Dockets 2 & 3).

　　　The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

　　　(A)　the average monthly deposits to the prisoner's account;

　　　　　or

　　　(B)　the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer. (Docket 3). The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0 and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Toof names Amanda Swanson and Don Hedrick as defendants.[1] Ms. Swanson and Mr. Hendrick are employed by the Rapid City Police Department. Id. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Mr. Toof's

---

[1]Mr. Toof sues Ms. Swanson in her individual and official capacity but only sues Mr. Hendrick in his official capacity. (Docket 1 at p. 2).

official capacity claims against Ms. Swanson and Mr. Hendrick are the equivalent to claims against the City of Rapid City.  Id.  A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).  Because Mr. Toof does not claim that policies or customs of the City of Rapid City deprived him of his rights, the official capacity claims against Ms. Swanson and Mr. Hendrick are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Mr. Toof sues Pennington County and Kevin Thom, the Pennington County Sheriff.[2]  (Docket 1 at p. 2).  Claims against Mr. Thom in his official capacity are the equivalent of a lawsuit against Pennington County.  See Veatch, 627 F.3d at 1257.  Thus, his claims against Mr. Thom, in his official capacity, are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right.  Monell, 436 U.S. at 694.  Mr. Toof does not allege Pennington County has unconstitutional policies or customs.  The claims against Pennington County

---

[2]Mr. Toof sues Sheriff Thom only is his official capacity.  (Docket 1 at p. 2).

are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Finally, Mr. Toof sues Ms. Swanson in her individual capacity. (Docket 1 at p. 2). He brings a civil rights claim against her under 42 U.S.C. § 1983. Id. at p. 1. The Civil Rights Act provides: "[e]very person who, under color . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. Mr. Toof alleges Ms. Swanson was "acting with tortious interference with business relations and broke [her] professional responsibility [rules.]" (Docket 1 at p. 2). The complaint alleges Ms. Swanson called Mr. Toof's wife and showed her records of telephone calls between Mr. Toof and other women. Id. at p. 4. Mr. Toof contends this was done with the intention of creating anger between Mr. Toof and his wife. Id. He asserts Ms. Swanson's actions amount to entrapment, harassment, and defamation. Id. He claims she used excessive force and retaliated against him. Id. Mr. Toof merely lists the First, Fifth, Sixth, Seventh, Eighth, Eleventh, Twelfth and Fourteenth Amendments in his complaint. Id. His complaint seeks $10,000,000 and injunctive relief. Id. at p. 7.

After review of the complaint, Mr. Toof does not state facts which would support a claim that Ms. Swanson's alleged action violated his constitutional rights or a federal law. Braden v. Wal-Mart, 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556

4

U.S. 662, 663 (2009)).  To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft, 556 U.S. at 679.  A complaint must allege "more than labels and conclusions."  Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Even after liberal construction, the allegations of Mr. Toof's complaint consist only of mere legal conclusions.  The complaint fails to "state of claim to relief that is [factually] plausible on its face."  Braden, 588 F.3d at 594 (internal quotation marks and citation omitted).  The claims against Ms. Swanson are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## ORDER

Accordingly, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed consistent with this order pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States

District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

Dated March 5, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE